Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED
BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.

DATE: ___4/25/05___

*Dr malone*

DEPUTY CLERK

FILED
CLERK, US DISTRICT COURT

APR 2 5 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN CALIFORNIA HOUSING )      NO. CV 04-2716-CBM(CTx)
RIGHTS CENTER and MIMI      )
GREENBERG                   )
                            )
        Plaintiffs,         )
                            )
        v.                  )      ORDER GRANTING IN PART AND DENYING
                            )      IN PART PLAINTIFFS' MOTION TO COMPEL
LOS FELIZ TOWERS HOMEOWNERS )      DISCOVERY RESPONSES
ASSOCIATION, and LOS FELIZ  )
TOWERS HOMEOWNERS ASSOCIATION )
BOARD OF DIRECTORS,         )
                            )
        Defendants.         )
                            )
_____)

DOCKETED ON CM

APR 2 5 2005

BY _____ 055

This case, which essentially alleges that defendants refused to
provide a reasonable accommodation to plaintiff Mimi Greenberg ("Ms.
Greenberg") in violation of various federal and state laws, is set for
trial before the Honorable Consuelo B. Marshall, United States District
Judge.  Plaintiffs seek monetary, declaratory, and injunctive relief.
Trial is scheduled to commence on August 9, 2005.  The district judge
extended the discovery cut-off date to May 19, 2005 for purposes of
resolving the discovery disputes raised in this motion.

Based on the files and records before the court, Ms. Greenberg is
a physically disabled individual with multiple sclerosis, which

substantially impairs her ability to walk and engage in other life activities. (Complaint, ¶ 6). Ms. Greenberg owns a condominium at the Los Feliz Towers (the "Towers"), a 198-unit condominium complex in Los Angeles, California. (Joint Stipulation at 1). Along with co-plaintiff the Housing Rights Center ("HRC"), Ms. Greenberg has filed a housing discrimination complaint against defendants, the Los Feliz Towers Homeowners Association ("HOA") and their Board of Directors ("Board").

Ms. Greenberg drives a van with hand controls instead of pedals, and a lift for her motorized scooter. (Complaint, ¶ 13). Ms. Greenberg was unable to self-park her van at the Towers because her deeded parking spaces are not wide enough to accommodate the van's lift. (Id., ¶ 14).

Ms. Greenberg repeatedly requested that the manager and the Board provide her with an accommodation by giving her an accessible parking space in which she could self-park. (Id., ¶¶ 20, 22, 24, 40). She asked to trade her two deeded parking spaces for the manager's space or a guest space, but defendants denied her requests. (Id., ¶¶ 20-25, 40-41).

Instead, Ms. Greenberg was required to use the Towers valet service. (Id., ¶ 12). Ms. Greenberg alleges that she had numerous problems with the valet service. She claims she sometimes had to wait up to forty-five minutes for an employee or security guard to retrieve her van. (Id., ¶ 15). Ms. Greenberg asserts that hand controls and other objects were broken in the van after it had been in the custody of those who valet parked it. (Id., ¶ 16). She also contends that she felt stress, anxiety, and a sense of alienation in the complex because when she valet parked her van, other residents became angry as their attempts to park were blocked by the lift that must deploy from the side of her van. (Id., ¶ 17). Additionally, Ms. Greenberg alleges that she

1  was humiliated on many occasions when her disability caused her to lose

2  control of her bladder and wet her seat, causing anger and disgust by

3  those valet parking her van.  (Joint Stipulation at 1-2).

4      In the complaint, plaintiffs assert causes of action for violations

5  of the Fair Housing Act, in addition to several other federal and state

6  causes of action.   Plaintiffs allege that defendants refused Ms.

7  Greenberg's request for a reasonable accommodation in violation of 42

8  U.S.C. § 306(f)(3)(B), and discriminated against Ms. Greenberg in

9  violation of 42 U.S.C. § 3604(f)(2).

10      Defendants acknowledge that the gravaman of this case is whether

11  they violated the Fair Housing Act by denying Ms. Greenberg's request

12  for exclusive use of the manager's parking space at the Towers.

13  Defendants deny that they have violated the Fair Housing Act, or any

14  other law upon which plaintiffs predicate recovery. Defendants dispute

15  that Ms. Greenberg's request for exclusive use of the manager's parking

16  space was reasonable.    Defendants contend that a reasonable

17  accommodation, i.e., valet service, of Ms. Greenberg's disability was

18  provided.

19      Before the magistrate judge is plaintiffs' Motion to Compel

20  Discovery Responses (the "Motion").  The parties submitted the joint

21  stipulation contemplated by Local Rule 37-2.1 as well as various

22  documents appended to the joint stipulation.   On April 18, 2005,

23  plaintiffs timely filed a supplemental memorandum in support of the

24  Motion.  See Local Rule 37-2.3.

25      At issue in this Motion are: (1) e-mails sent or received by

26  defendants and Manager JoAnn McKinney regarding Ms. Greenberg; and, (2)

27  defendants' Executive Session Board minutes.   More specifically, the

28  joint stipulation sets forth the following requests for production of

documents that are in dispute:

1. Copies of any and all electronic communications (e-mail) sent or received by defendant or defendant's agent (including Manager JoAnn McKinney) relating to plaintiff Mimi Greenberg or the pending litigation (HRC's First Request for Production of Documents, Request for Production No. 2);

2. All documents that constitute, describe, reflect, mention, comment upon, or otherwise refer to minutes of Executive Board meetings (HRC's First Request for Production of Documents, Request for Production No. 27);

3. All documents that constitute, describe, reflect, mention, comment upon, or otherwise relate to minutes of Executive Sessions or other meetings of the Board, whether formal or informal, since January 1, 1994 (Ms. Greenberg's First Request for Production of Documents, Request for Production No. 1);

4. Copies of any and all electronic communications (e-mail) in JoAnn McKinney's e-mail folder dedicated to Mimi Greenberg (Ms. Greenberg's First Request for Production of Documents, Request for Production No. 4);

5. Copies of any and all electronic communications (e-mail) in JoAnn McKinney's e-mail folder dedicated to the HOA Board that relates to or references Mimi Greenberg (Ms. Greenberg's First Request for Production of Documents, Request for Production No. 5);

6. Copies of any and all electronic communications (e-mail) by current or former Board members relating to Mimi Greenberg (Ms. Greenberg's First Request for Production of Documents, Request for Production No. 6); and,

1       7.   Copies of any and all electronic communications (e-mail)

2         between and/or among Ms. McKinney, members of the HOA Board

3         (current and former), and/or Towers' employees that relate to

4         or reference Mimi Greenberg (Ms. Greenberg's First Request for

5         Production of Documents, Request for Production No. 7).

6 (Joint Stipulation at 5-30). At her deposition, Towers General Manager

7 JoAnn McKinney testified that Ms. Greenberg first asked her to consider

8 switching parking spaces in 1999. (Joint Stipulation, Ex. A, JoAnn

9 McKinney Deposition Transcript ("McKinney Depo.") at 114:22-115:25).

10 Thus, plaintiffs have agreed to limit these requests to the time period

11 between 1999 and the present. (See Joint Stipulation at 6, 20).

12     Plaintiffs argue that these requests seek documents that are

13 relevant and reasonably calculated to lead to the discovery of

14 admissible evidence. Among other things, plaintiffs assert that the e-

15 mails and Executive Session minutes will uncover evidence relating to

16 defendants' liability; plaintiffs' punitive damages claim; and, Ms.

17 Greenberg's claim of harassment subsequent to her requests for

18 accommodation. (Id. at 6-9, 20-22). Plaintiffs claim that defendants

19 have failed to meet their burden of establishing that these documents

20 are protected from disclosure by a privilege, such as the attorney-

21 client privilege and/or attorney work product doctrine. (Id. at 10-14,

22 23-25). Additionally, plaintiffs contend that their need for the

23 documents outweighs defendants' right to privacy in the documents, if

24 such a right exists. (Id. at 14-16, 25-26).

25     In response, defendants assert that these requests seek documents

26 that are not relevant. Specifically, defendants state that the e-mails

27 at issue have nothing to do with Ms. Greenberg's request for a parking

28 accommodation. (Id. at 17-18; see also Declaration of Joshua C. Traver

1  ("Traver Decl."),  ¶¶ 3, 6).  Defendants assert that the overwhelming

2  majority of the e-mails involve a dispute between Ms. Greenberg and

3  defendants regarding fixing a window latch in her unit.  (Joint

4  Stipulation at 17).  Defendants also contend that plaintiffs' document

5  requests seeking Executive Session minutes are overly broad.  (Id. at

6  26).  Defendants maintain that all Executive Session minutes relating or

7  pertaining to Ms. Greenberg have been produced, in redacted format.

8  (Id.)  Additionally, defendants contend that some of the e-mails and

9  minutes sought by the requests are protected by the attorney-client

10  privilege and/or attorney work product doctrine.  (Id. at 18, 26).

11  Finally, defendants allege that plaintiffs have not provided good cause

12  to invade the privacy rights of the Board members.  (Id. at 18-19, 27).

13      The magistrate judge has carefully considered the documents filed

14  in support of and in opposition to plaintiffs' Motion.   Plaintiffs'

15  motion is **GRANTED IN PART AND DENIED IN PART** as follows:

16  A.   With respect to Request for Production Numbers 2, 4, 5, 6, and 7,

17       plaintiffs' Motion is **GRANTED** as follows:  Defendants are ORDERED

18       to produce all portions of non-privileged e-mails within their

19       possession, custody, or control that are responsive to Request for

20       Production Numbers 2, 4, 5, 6, or 7, and that were created on or

21       after January 1, 1999.  The e-mails may be redacted to exclude

22       portions that do not refer or relate to Ms. Greenberg.   The

23       magistrate judge finds that the portions of the e-mails that refer

24       or relate to Ms. Greenberg are relevant to, among others things,

25       plaintiffs' punitive damages claim.   See Fed.R.Civ.P. 26(b)(1)

26       (allowing the discovery of materials "relevant to the claim or

27       defense of any party," even if the relevant information is not

28       admissible at trial so long as the discovery appears reasonably

1  calculated to lead to the discovery of admissible evidence).  These

2  portions of the e-mails are relevant even if they do not discuss

3  Ms. Greenberg's request for a parking accommodation but, rather,

4  pertain to Ms. Greenberg's other accommodation requests or

5  otherwise discuss Ms. Greenberg.  See id.  The magistrate judge

6  further concludes that plaintiffs' need for this information

7  outweighs any privacy right defendants have as to the e-mails.  See

8  Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604-05, (C.D. Cal.

9  1995) (concluding that a plaintiff is entitled to discovery of

10  private information if the importance of the information to the

11  plaintiff's claims outweighs any privacy interest the defendants

12  may have); Ceramic Corp. Of America v. Inka Maritime Corporation,

13  Inc., 163 F.R.D. 584, 588-89 (C.D. Cal. 1995) (stating that the

14  right to privacy is not an absolute right, but a right subject to

15  invasion for litigation purposes).   Indeed, defendants do not

16  identify the type of information contained in the e-mails that

17  would be protected by their right to privacy.   (See Joint

18  Stipulation at 18-19).  See People of the State of California v.

19  F.C.C., 75 F.3d 1350, 1361 (9th Cir.), cert. denied, 517 U.S. 1216

20  (1996) ("The Supreme Court has limited the constitutional right to

21  privacy to interferences with a person's most basic decisions about

22  family and parenthood ... as well as bodily integrity").   Courts

23  routinely order production of private, third party information in

24  discrimination cases, often revealing information more personal and

25  sensitive than that being sought in this case.  See, e.g., Jones v.

26  Commander, 147 F.R.D. 248 (1993) (ordering production of the

27  evaluation reports of a non-party supervisor both during and

28  outside the period that the plaintiff was supervised); Orbovich v.

7

1    <u>Macalester College</u>, 119 F.R.D. 411 (D.Minn. 1988) (tenure and

2    personnel files of third parties were ordered produced in a denial

3    of tenure case); <u>E.E.O.C. v. University of New Mexico</u>, 504 F.2d

4    1296 (10th Cir. 1974) (personnel files for all faculty members were

5    deemed discoverable in a failure to promote case).  Additionally,

6    to the extent that the e-mails contain sensitive or personal

7    information that is protected by defendants' right to privacy,

8    plaintiffs have stated that they will consent to add this category

9    of documents to the existing protective order in this case.[1]

10    (Joint Stipulation at 16).  Moreover, it may well be that with the

11    ordered redactions, the need for a protective order is obviated.

12  B.    The magistrate judge concludes that Request for Production Numbers

13    1 and 27, which seek defendants' Executive Session Board minutes

14    whether or not those minutes refer or relate to Ms. Greenberg, are

15    overly broad as phrased.  Therefore, with respect to Request for

16    Production Numbers 1 and 27, plaintiffs' Motion is **GRANTED IN PART**

17    as follows: To the extent they have not already done so, defendants

18    are ORDERED to produce all portions of non-privileged documents

19    within their possession, custody, or control that: (1) constitute,

20    describe, reflect, mention, comment, or otherwise relate to minutes

21    of Executive Sessions or other meetings of the Board, whether

22    formal or informal, since January 1, 1999; <u>and</u> that (2) refer,

23    relate to, or discuss Ms. Greenberg.  The magistrate judge finds

24

_____

25    [1]The parties are advised that they must establish good cause
for each document they seek to protect.  <u>See</u> <u>Foltz v. State Farm</u>

26  <u>Mutual Automobile Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003)
("[a] party asserting good cause bears the burden, *for each*

27  *particular document* it seeks to protect, of showing that specific
prejudice or harm will result if no protective order is granted")

28  (citations omitted) (emphasis added).

1   │   that the portion of the minutes of Executive Sessions or other

2   │   meetings of the Board that refer, relate to, or otherwise discuss

3   │   Ms. Greenberg are relevant.   See Fed.R.Civ.P. 26(b)(1).   The

4   │   documents shall be produced in redacted form to omit any personal

5   │   or sensitive information concerning non-party homeowners.

6   C.  │   Documents previously produced need not be produced again.   To the

7   │   extent that defendants claim that documents have been produced,

8   │   defendants should provide declarations from competent witnesses to

9   │   that effect.

10  D.  │   To the extent defendants contend that they do not have any

11  │   responsive documents within their possession, custody, or control,

12  │   they must submit a declaration by competent witnesses signed under

13  │   penalty of perjury that supports that contention and that sets

14  │   forth what good faith steps were taken to locate responsive

15  │   documents.

16  E.  │   The magistrate judge concludes that defendants' privilege log is

17  │   inadequate.   The privilege log does not identify the author,

18  │   recipient, or date of the e-mails defendants contend are protected

19  │   from disclosure, and it insufficiently describes the subject matter

20  │   of such communications.   (See Garland Decl., ¶ 10, Ex. E).

21  │   Moreover, the log does not identify the date of many of the

22  │   Executive Sessions, and does not sufficiently describe the topics

23  │   discussed.   For example, defendants' description of the April 14,

24  │   2003 Executive Session minutes states, "Board Discussed Greenberg

25  │   Matter and Attorney Involvement and Activities." (Id., Ex. E at

26  │   4).   It is unclear from this description whether an attorney was

27  │   present at the meeting and, more importantly, whether the attorney

28

9

rendered legal advice or whether attorney advice was discussed. Even if confidential communications within the purview of the attorney-client privilege were made at closed meetings, such communications would not "cloak the entire proceeding in secrecy." Larson v. Harrington, 11 F.Supp.2d 1199, 1201 (E.D. Cal. 1998). Discussions that did not implicate legal advice relate to pending or anticipated litigation are not privileged from discovery. Id.; Only the relevant portions of the Executive Session meetings discussing confidential information disclosed to the attorney or advice from the attorney relating to pending or anticipated litigation are privileged from discovery. Id.; see also Wilstein v. San Tropai Condominium Master Ass'n, 189 F.R.D. 371, 379-80 (N.D. Ill. 1999) (granting in part motion to compel answers to deposition questions filed by the plaintiff, a condominium resident who brought lawsuit under the Fair Housing Act to recover for condominium association's alleged harassment and retaliation against him for taking legal action to procure a disabled parking space accessible to his condominium unit, and concluding that attorney-client privilege did not provide blanket protection from discovery for all communications made in executive session of condominium association's board).  The attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981).  Thus, factual information underlying plaintiffs' claims or information not involving counsel's advice must be disclosed. Id. Accordingly, it is impossible to ascertain from defendants'

privilege log whether defendants' claims of attorney-client privilege and/or work product are valid. To the extent defendants assert a claim of privilege or other protection with respect to the production covered by this order, defendants are ORDERED to prepare or cause to be prepared; carefully review in good faith; and, produce a supplemental privilege log identifying the following for all documents or portions of documents for which defendants assert a claim of privilege or other protection:

1.   the nature of the privilege or other protection claimed, and where the attorney-client privilege is claimed, the attorney and client involved;

2.   the nature of the document and its title, if any;

3.   all persons, identified by name and title, and entities shown on the document to have received or have been sent the document;

4.   all persons, identified by name and title, and entities known to have been informed of the substance of the document;

5.   the date the document was prepared, generated, or dated; and,

6.   whether the document has been redacted and partial production made.

To the extent the parties subsequently agree to a different production than ordered herein, this discovery order is subject to written modification by the parties.

Either party may file a motion for review and reconsideration with the district judge within ten court days of service of this order. <u>See</u> Local Rule 72-2.1; Fed.R.Civ.P. 6(a). The ordered production is stayed if such a motion is filed until further order of the district judge. If

1   no such motion is filed, production must be made within fourteen

2   calendar days of this order.

3       **The hearing previously set for May 2, 2005 before the magistrate**

4   **judge is taken off calendar.**

5   DATED: *April 25, 2005*                    *Carolyn Turchin*

6                                          _____
                                           CAROLYN TURCHIN
7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12   cc:   Chief Judge Marshall

13         Liam J. Garland
           Connie Y. Chung
14         Southern California Housing Rights Center
           520 South Virgil Avenue, Suite 400
15         Los Angeles, CA 90020

16         Barry J. Reagan
           Joshua C. Traver
17         Procter, McCarthy & Slaughter, LLP
           789 South Victoria Avenue, Suite 305
18         Ventura, CA 93003-5419

19

20

21

22

23

24

25

26

27

28

*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              1849
RECIPIENT ADDRESS     93818555
DESTINATION ID
ST. TIME              04/25 13:54
TIME USE              05'05
PAGES SENT            12
RESULT               OK

*Garland*

FILED
CLERK, U.S. DISTRICT COURT

APR 25 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER and MIMI GREENBERG<br><br>   Plaintiffs,<br><br>   v.<br><br>LOS FELIZ TOWERS HOMEOWNERS ASSOCIATION, and LOS FELIZ TOWERS HOMEOWNERS ASSOCIATION BOARD OF DIRECTORS,<br><br>   Defendants. | NO. CV 04-2716-CBM(CTx)<br><br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES |

This case, which essentially alleges that defendants refused to provide a reasonable accommodation to plaintiff Mimi Greenberg ("Ms. Greenberg") in violation of various federal and state laws, is set for

```
***************************
***   ERROR TX REPORT   ***
***************************

TX FUNCTION WAS NOT COMPLETED

TX/RX NO                  1875
RECIPIENT ADDRESS         98056442131
DESTINATION ID
ST. TIME                  04/25 15:00
TIME USE                  00'37
PAGES SENT                0
RESULT                    NG        #0018 BUSY/NO SIGNAL
```

*Reagan*

Priority ——
Send ——
Enter ——
Closed ——
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED
BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.

DATE: ___4/25/05___

___Dr malone___
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

APR 25 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN CALIFORNIA HOUSING    )    NO. CV 04-2716-CBM(CTx)
RIGHTS CENTER and MIMI         )
GREENBERG                      )
                               )
            Plaintiffs,        )
                               )
       v.                      )    ORDER GRANTING IN PART AND DENYING
                               )    IN PART PLAINTIFFS' MOTION TO COMPEL
LOS FELIZ TOWERS HOMEOWNERS    )    DISCOVERY RESPONSES
ASSOCIATION, and LOS FELIZ     )
TOWERS HOMEOWNERS ASSOCIATION  )
BOARD OF DIRECTORS,            )
                               )
            Defendants.        )
_____)

    This case, which essentially alleges that defendants refused to

provide a reasonable accommodation to plaintiff Mimi Greenberg ("Ms.

Greenberg") in violation of various federal and state laws, is set for

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1894 |
| RECIPIENT ADDRESS | 918056442131 |
| DESTINATION ID | |
| ST. TIME | 04/27 10:20 |
| TIME USE | 01'52 |
| PAGES SENT | 14 |
| RESULT | OK |

*Garland*

Priority   ✕
Send       ✕
Enter      —
Closed     —
JS-5/JS-6  —
JS-2/JS-3  — I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED
Scan Only  — BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES)
AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD
IN THIS ACTION ON THIS DATE.

DATE: 4/25

*DA malone*

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

APR 25 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER and MIMI GREENBERG | ) ) ) ) | NO. CV 04-2716-CBM(CTx) |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES |
| LOS FELIZ TOWERS HOMEOWNERS ASSOCIATION, and LOS FELIZ TOWERS HOMEOWNERS ASSOCIATION BOARD OF DIRECTORS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This case, which essentially alleges that defendants refused to provide a reasonable accommodation to plaintiff Mimi Greenberg ("Ms. Greenberg") in violation of various federal and state laws, is set for